IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIKA ARROYO, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. _____ |
| OPRONA, INC., ROSEN SWISS AG, and CHRIS F. YOXALL, | § § § § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, defendant Oprona, Inc. files this Notice of Removal and states as follows:

### I.
### INTRODUCTION

1. On March 3, 2016, plaintiff Erika Arroyo filed her Original Petition against Oprona, Inc. ("Oprona"), Rosen Swiss AG ("Rosen Swiss"), and Chris F. Yoxall ("Yoxall"), in the 269th Judicial District Court of Harris County, Texas, styled *Erika Arroyo v. Oprona, Inc.*, *Rosen Swiss AG, and Chris F. Yoxall*, No. 2016-14025. Broadly, plaintiff alleges that she was unlawfully terminated from her employment with Oprona in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and Texas common law. A true and correct copy of the Original Petition is attached hereto as Exhibit B.

2. Defendant Oprona first received summons (citation) and a copy of the Original Petition on March 17, 2016, when it was served on Oprona's registered agent via certified mail. A true and correct copy of the proof of service is attached hereto as Exhibit C1.

## II.
## THIS NOTICE IS TIMELY FILED

3. Oprona has filed timely for removal within thirty (30) days of receipt of summons (citation) and a copy of the initial pleading setting forth a claim upon which such action is based. 28 U.S.C. § 1446(b).  Upon filing this Notice of Removal, Oprona will provide written notification to all parties and will file a Notice of Removal with the clerk for the 269th Judicial District Court of Harris County, Texas.

## III.
## ALL DEFENDANTS CONSENT TO REMOVAL

4. Defendant Yoxall has been served and consents to removal.

5. Defendant Rosen Swiss, though not served and without waiver of any requirement of service, consents to removal.[1]

## IV.
## JURISDICTION

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."  Federal law provides that this Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

7. In any case where the district court has original jurisdiction, it "shall [also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367.

---

[1] Plaintiff attempted to serve Rosen Swiss AG by serving CT Corporation Systems, which is not the registered agent for Rosen Swiss.  See Ex. C3.

8.     The Court has original jurisdiction over this case because plaintiff alleges a federal claim for violations of RICO.  *See, e.g.*, *Watson v. City of Allen*, No. 4:15-CV-335-A, 2015 U.S. Dist. LEXIS 99086, at *9 (N.D. Tex. July 29, 2015); *Hill v. Hunt*, No. 3:070CV-2020, 2010 U.S. Dist. LEXIS 312, at *5 (N.D. Tex. Jan. 4, 2010).  Because plaintiff's common law claim forms part of the "same case or controversy" of her RICO claim, the Court may exercise supplemental jurisdiction over it.  *Watson*, 2015 U.S. Dist. LEXIS 99086, at *9.

## V.
## VENUE

9.     Venue is proper in this Court as the 269th Judicial District Court of Harris County, Texas falls within the geographic purview of this Court.  *See* 28 U.S.C. § 1441.

## VI.
## ALL REQUIRED MATTERS ARE BEING FILED

10.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, the following documents are attached herewith:  (A) an index of matters being filed; (B) a true and correct copy of all pleadings asserting causes of action; (C) all executed process in the case; (D) the docket sheet from the state court action; and (E) a list of all counsel of record, including addresses, telephone numbers, and parties represented.  No orders have been signed by the state court judge.

11.    Contemporaneously with the filing of this Notice of Removal, Oprona is providing written notice of removal to all parties with proof of service of same.  A copy of this Notice of Removal is being filed with the 269th Judicial District Court of Harris County, Texas, in which this case was originally filed.

Dated:  March 30, 2016

Respectfully submitted,

*/s/ Maureen Blackburn Jennings*
Maureen Blackburn Jennings
Texas Bar No. 02385280
Federal ID No. 9523
Three Riverway, 18th Floor
Houston, Texas  77056
(713) 209-2930 tel.
(713) 659-5302 fax
maureen@maureenjenningslaw.com

*Attorney for Defendants Oprona, Inc.*,
*Rosen Swiss AG*, and *Chris F. Yoxall*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2016, a true and correct copy of the foregoing document was served via e-mail and first class mail upon the following:

David T. Lopez
dtlopez@lopezlawfirm.com
DAVID T. LOPEZ & ASSOCIATES
3900 Montrose Boulevard
Houston, Texas  77006-4959
(713) 523-3900 tel.
(713) 523-3908 fax

*Attorney for Plaintiff Erika Arroyo*

*/s/ Maureen Blackburn Jennings*
Maureen Blackburn Jennings