UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIKA ARROYO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-852 |
| | § | |
| OPRONA, INC., *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

# MEMORANDUM OPINION & ORDER

Pending before the court is a Memorandum and Recommendation ("M&R") in which the Magistrate Judge recommends that the defendants Oprona, Inc. ("Oprona") and Chris F. Yoxall's motion to dismiss (Dkt. 35) plaintiff Erika Arroyo's RICO claims should be granted and that Arroyo's state law claim should be remanded. Dkt. 53. Arroyo filed timely objections to the M&R and moved for leave to amend her complaint. Dkt. 56. Having considered the M&R, objections, response, reply, and surreply, the court is of the opinion that Arroyo's objections (Dkt. 56) should be OVERRULED and the M&R (Dkt. 53) should be ADOPTED IN FULL.

## I. BACKGROUND

Arroyo alleges that she was terminated by defendants Oprona, Rosen Swiss AG, and Yoxall because of her refusal to participate in an alleged tax fraud scheme. Dkt. 34 at 4. Arroyo alleges that after she reported Yoxall, the chief operations officer of Oprona, to his management at Rosen Swiss AG for the misuse of company funds to pay for his personal income taxes, her employment was terminated as a result.[1] Dkt. 34 at 7–11.

---

[1] A more detailed background on Arroyo's allegations are provided in the M&R and incorporated herein. Dkt. 53 at 1–4.

On March 3, 2016, Arroyo filed suit against the defendants in the 269th Judicial District Court of Harris County. Dkt. 1, Ex. B. Arroyo sued the defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and for discharge contrary to public policy under Texas common law. *Id.*; Dkt. 35 at 38 (citing *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985)). On November 1, 2016, Arroyo amended her complaint. Dkt. 34. On November 7, 2016, the defendants filed a motion to dismiss. Dkt. 35. Arroyo responded, the defendants replied, and Arroyo filed a surreply. Dkts. 36, 39, 40. On March 24, 2017, the court dismissed the claims against defendant Rosen Swiss AG due to improper service. Dkt. 51. On April 11, 2017, the Magistrate Judge issued an M&R recommending that the court grant the defendants' motion to dismiss Arroyo's RICO claims and remand her Texas common law claim to state court. Dkt. 53. Arroyo filed objections and a motion to amend her complaint. Dkt. 56. The defendants responded to the objections, Arroyo replied, and the defendants filed a surreply. Dkts. 61, 63, 66.

## II. Legal Standards

### A. Review of an M&R

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For non-dispositive

matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**B.     Motion to Dismiss**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation).

## III. ANALYSIS

In the M&R, the Magistrate Judge recommended that the court grant the defendants' motion to dismiss Arroyo's RICO claims brought under sections 1962(c) and 1962(d). Dkt. 53. To bring a RICO claim under section 1962(c), a plaintiff must establish that a person or entity has engaged

3

in (1) a pattern of racketeering activity that is (2) connected to an "enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). Section 1961(d) makes it unlawful to conspire to violate the RICO statute. 18 U.S.C. § 1961(d). The substantive requirements for proving a RICO claim are the same for a criminal case or civil suit. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 446 n.15 (5th Cir. 2000).

The Magistrate Judge recommend dismissing Arroyo's RICO claims for three independent reasons: (1) Arroyo did not allege the required predicate acts, (2) Arroyo did not show that she was proximately harmed by the alleged fraud, and (3) Arroyo failed to establish the continuity of the racketeering activity. Dkt. 53. Arroyo objects to each of these grounds for dismissal. Dkt. 56. Because each reason for dismissal is individually sufficient to dismiss Arroyo's RICO claims, the court need only address one of the Magistrate Judge's grounds for dismissal and Arroyo's corresponding objections. The court will first address Arroyo's objections with regard to the predicate acts and then turn to Arroyo's motion for leave to amend.

**A. Predicate Acts**

To establish a "pattern of racketeering activity" under RICO, the plaintiff must allege two or more related predicate offenses. *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996) (citing in *H.J. Inc. v. Nw. Bell Telephone, Co.*, 492 U.S. 229, 109 S. Ct. 2893 (1989)). The predicate offenses are enumerated in the RICO statute. 18 U.S.C. § 1961(1). Arroyo argues that she established the following as predicate acts: (1) Yoxall's mailing of an allegedly fraudulent tax return was mail and/or wire fraud, and (2) Arroyo's termination was witness tampering and/or retaliation. Dkt. 56 at 3–4, 7.

**1. Mail and/or Wire Fraud**

Under RICO, wire and mail fraud are predicate acts. 18 U.S.C. § 1961(1) (citing §§ 1341, 1343). The mail and wire fraud statutes make it illegal to obtain money by fraud through the use of the mail or wire communications. 18 U.S.C. §§ 1341, 1343. Arroyo objects to the Magistrate Judge's conclusion that Yoxall's transmission of his tax return that contained false information did not constitute mail or wire fraud. Dkt. 58 at 3. Arroyo argues that Yoxall's tax returns contained false representations which were then transmitted to the government via mail or wire, making the transmission mail or wire fraud. *Id*.

In her reply, Arroyo cites to a Tenth Circuit decision for the proposition that mail fraud and tax evasion are separate crimes with separate elements. Dkt. 63 at 2 (citing *United States v. Peterson*, 312 F.3d 1300, 1302 (10th Cir. 2002) (holding that grouping mail fraud and tax evasion together for an adjustment to the sentencing guidelines was not proper.)). Therefore, Arroyo argues, that Yoxall's alleged filing of a false tax return meets the elements of both mail and wire fraud and tax evasion. However, the court does not find the *Peterson* case analogous at all to the present matter—the mail fraud in *Peterson* has nothing to do with mailing a falsified tax return to the Internal Revenue Service ("IRS") like Arroyo is alleging happened here. *Peterson*, 312 F.3d at 1301. Rather, Darryl Peterson was charged with mail fraud because of his use of the mail to send checks to conceal embezzling. *Id*. The only similarity between *Peterson* and the present case is that the defendants in both cases were also accused of tax evasion. *Id*. Notably, Peterson was *only* charged with tax evasion for filing fraudulent tax returns, and not mail or wire fraud for the act of transmitting those returns to the IRS. *Id*.

The Magistrate Judge reasoned that Arroyo is merely attempting to re-label an alleged offense of tax evasion, making a false statement on a tax return, or conspiracy to defraud the United States as a different offense that qualifies as a predicate act. Dkt. 53 at 7 (citing 26 U.S.C. §§ 7201, 7206 and 18 U.S.C. § 371). None of these tax offenses is a predicate act under RICO. 18 U.S.C. § 1961(1). The court agrees with the Magistrate Judge's reasoning, that Arroyo did not establish that Yoxall committed a predicate act of mail or wire fraud.[2] Arroyo's objection regarding the mail and wire fraud predicate act is OVERRULED.

**2. Witness Tampering and Witness Retaliation**

Under RICO, witness tampering and witness retaliation are predicate acts. 18 U.S.C. 1961(1) (citing 18 U.S.C. §§ 1512(b), (e)). Arroyo argues that the Magistrate Judge erred when she did not find that Arroyo's termination was a form of witness tampering and/or witness retaliation. Dkt. 56 at 7.

**a. Witness Tampering**

The witness tampering statute makes it unlawful for someone to intimidate, threaten, or corruptly persuade a person in order to "influence, delay or prevent the testimony" in an "official proceeding." 18 U.S.C. § 1512(b). The Magistrate Judge reasoned that Arroyo did not establish a case of witness tampering because (1) Arroyo did not identify an "official proceeding," and (2) Arroyo did not establish that Yoxall or Oprona actually delayed or prevented her from participating in any IRS proceeding. Dkt. 43 at 13–14.

---

[2] This reasoning assumes that Arroyo properly plead fraud under the requirements of Federal Rule of Civil Procedure 9(b). *See* Dkt. 61 at 13.

First, Arroyo argues that the Magistrate Judge erred in concluding that there was no "official proceeding," because an IRS audit is an official proceeding. Dkt. 56 at 7. Under the witness tampering statute, an official proceeding itself need not be pending at the time of the offense, but there must be a foreseeable proceeding. *Arthur Andersen LLP v. United States*, 544 U.S. 696, 708, 125 S. Ct. 2129 (2005). However, for a proceeding to be "foreseen" for the purposes of witness, the defendant must have some "contemplation" that his tampering might destroy material evidence. *United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014). The defendants rightfully argue that the doctrine of "foreseeing" an official proceeding should not extend to any regulatory or enforcement action that might occur as a consequence of wrongdoing without a more specific connection to the alleged tampering. Dkt. 61 at 15. In other words, there needs to be a "nexus between the obstructive act and some official government proceeding." *Simpson*, 741 F.3d at 552. The Magistrate Judge reasoned that Arroyo made no allegations that the defendants terminated her employment out of "any awareness that an IRS investigation was foreseeable." Dkt. 53 at 13–14. The court agrees with the Magistrate Judge's reasoning.

Second, Arroyo argues that her allegations in the first amended complaint that state that the that the defendants attempted to prevent Arroyo from providing information to the IRS as part of an official audit are sufficient to establish the predicate act of witness tampering. Dkt. 56 at 8 (citing Dkt. 34). However, the court finds that this is a mere conclusory allegation and Arroyo did not allege how her termination prevented her from communicating with the IRS.[3]

Accordingly, Arroyo's objection is OVERRULED.

---

[3] Arroyo also argues if "specific details" are required, that she can provide them in the amendment. Dkt. 56 at 8. However, Arroyo does not offer a single example of a specific detail that might cure this pleading deficiency. Dkt. 56 at 10.

### b. Witness Retaliation

The witness retaliation statute prohibits retaliation against a party for providing truthful information to a law enforcement officer. 18 U.S.C. § 1512(e). With respect to witness retaliation, the Magistrate Judge reasoned that Arroyo did not establish a case of witness retaliation because Arroyo did not allege that she had already initiated a complaint with the IRS prior to her termination. Dkt. 53 at 14–15. Arroyo does not object to the Magistrate Judge's conclusion that she failed to allege witness retaliation. Dkt. 56.

Because Arroyo failed to establish that the defendants committed any predicate acts, the court agrees with the Magistrate Judge that the defendants' motion to dismiss Arroyo's RICO claims should be GRANTED. Further, Arroyo did not object to the Magistrate Judge's recommendation that the remaining state law claim be REMANDED. Dkt. 56. Therefore, the court concludes that the M&R should be ADOPTED IN FULL.

### B. Leave to Amend

In the alternative, Arroyo offers six proposed amendments to her complaint to cure pleading deficiencies. Dkt. 56 at 10–11. Rule15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts grant leave to amend liberally unless the party has acted in bad faith or if granting leave to amend would cause prejudice. *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009). Federal courts often give plaintiffs at least one opportunity to cure pleading deficiencies. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, granting leave to amend is within the sound discretion of the district court, and leave may be denied if the

court has good reason, including the futility of an amendment. *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962).

Here, the court has already granted Arroyo leave to amend her complaint once. Dkt. 33. Now Arroyo proposes two amendments to correct pleading deficiencies with respect to the predicate acts: (1) that she provided information to the IRS in the course of an official audit of the defendants, and (2) that the defendants continued to prevent her from providing information to the IRS. Dkt. 56 at 11.

However, the court finds that these two proposed amendments do not include the necessary allegations to establish the elements of witness tampering or retaliation. Notably, Arroyo does not allege that she provided information to the IRS *prior* to her termination. *Id.*; Dkt. 61 at 17. Also, Arroyo does not specify how her termination served to influence, delay, or prevent her from providing information to the IRS. *Id.*

Further, Arroyo proposes to amend her pleading to state that her employment termination is "continuing [in]to the present" in a manner that prevents her from providing information to the IRS during an official audit, meaning any tampering is an ongoing offense. *Id.* Arroyo does not provide any facts to support her conclusory allegation that she is currently prevented from providing information to the IRS. *Id.* Because Arroyo's employment relationship with the defendants is over, the court cannot fathom how the defendants could "continue" to prevent Arroyo from cooperating with the IRS. Therefore, the court concludes these two amendments are conclusory in nature and do not contain any additional factual basis to establish the predicate acts of witness tampering or retaliation. The court also observes that the proposed amendments do not appear to address Arroyo's failure to allege that her injury was proximately caused by RICO violations. Dkt. 53 at 8–9.

The remainder of Arroyo's proposed amendments are directed toward the "continuity" requirement of establishing a pattern of racketeering activity. Dkt. 56 at 10–11. However, the court finds that the remaining proposed amendments lack specificity and are conclusory in nature such as the allegation that "the unlawful practices of Defendants have continued." *Id*.; Dkt. 61 at 17. Even assuming, *arguendo*, that the proposed amendments would cure the continuity defects in Arroyo's claim, curing the continuity defects is futile because the claim already fails because of the lack of predicate acts and lack of proximate cause.

Thus, the court finds that giving Arroyo another opportunity to amend would be futile. Arroyo's motion for leave to amend (Dkt. 56) the first amended complaint is DENIED.

### IV. Conclusion

Arroyo's objections (Dkt. 56) are OVERRULED, and the M&R (Dkt. 53) is hereby ADOPTED IN FULL. Arroyo's motion for leave to amend her complaint (Dkt. 56) is DENIED.

The defendants' motion to dismiss (Dkt. 35) Arroyo's RICO claims is GRANTED. Arroyo's RICO claims are DISMISSED WITH PREJUDICE. Arroyo's remaining state law claim is REMANDED to 269th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on September 5, 2017.

_____
Gray H. Miller
United States District Judge